EXHIBIT A

# ROBERT D. MUELLER, P.C.

ATTORNEYS AT LAW

POST OFFICE BOX 44997
RIO RANCHO, NEW MEXICO 87174
TELEPHONE (505) 247-1110

April 23, 2020

**VIA CERTIFIED MAIL, RETURN RECEIPT**
Equifax Credit Information Systems, Inc.
c/o CORPORATION SERVICE COMPANY, Registered Agent
MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, NM 88240-3465

RE:   <u>Ayanna Keisha Brown v. Equifax Credit Information Systems, Inc.</u>
      c/o CORPORATION SERVICE COMPANY, Registered Agent
      New Mexico District Court Case No. D-202-CV-2020-01853

To whom it may concern:

Please find attached a copy of the Summons and Complaint for the above captioned case.

Pursuant to the New Mexico Rules of Civil Procedure, we are serving Equifax via certified mail, return receipt upon you as its Registered Agent.

Please do not hesitate to contact me if you have any questions.

Respectfully submitted,

ROBERT D. MUELLER, P.C.

/s/ Robert D. Mueller   4/23/20
Robert D. Mueller
Attorney For Plaintiff

RDM/ak

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**4/23/2020 10:50 AM**
**CLERK OF THE COURT**
**Catherine Chavez**

AYANNA KEISHA BROWN,

      Plaintiff,

**vs.**
                            Case No. D-202-CV-2020-01853

EQUIFAX CREDIT INFORMATION SERVICES, INC.,
a Foreign Corporation,

      Defendant.

**ALIAS SUMMONS**

**THE STATE OF NEW MEXICO**

**TO:** EQUIFAX CREDIT INFORMATION SERVICES, INC., Defendant.

**ADDRESS:**    c/o Corporate Services Company, Registered Agent
                  MC-CSC1, 726 E. Michigan Drive, Ste. 101
                  Hobbs, NM 88240-3465

**GREETINGS:**

    You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

    You are notified that, unless you serve and file a responsive pleading or motion, the plaintiff will apply to the court for the relief demanded in the complaint.

<u>Mail answer to District Court:</u>    400 Lomas NW, Albuquerque, New Mexico  87102

<u>Mail copy to Plaintiff c/o:</u>        Robert D. Mueller, Attorney at Law
                            Post Office Box 44997
                            Rio Rancho, New Mexico  87174
                            Tel. (505) 247-1110

Witness the _____ O'Connell, Erin _____, of the Second District Court of the State of New Mexico, and the seal of this District Court of said County, this day of _____ 4/23/2020 _____.

MONICA BACA
CLERK OF THE DISTRICT COURT

By: _____
          Cathy Chavez, Deputy

Note:  This summons does not require you to see _____ at this time.  It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court, within 30 days after the summons is legally served on you.  If you do not do this, the party suing may get a judgment by default against you.

<u>**RETURN**</u>          Case No. D-202-CV-2020-01853

**STATE OF** _____ )
                                ) ss.
**COUNTY OF** _____ )

(complete the following, unless service by sheriff or deputy)
I, being sworn, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in _____County on the ___ day of _____, 20___, by delivering a copy of this summons and a copy of the complaint (indicate below how served):

(check only if service by sheriff or deputy)
I certify that I served this summons in _____County on the ___ day of _____, 20___ by delivering a copy of this summons and a copy of complaint in the following manner:
_____

(person serving summons must check one box and fill in appropriate blanks)
[ ] by delivering a copy of this summons and a copy of the complaint to the defendant
_____ (used when defendant receives copy of summons or refuses to receive summons).

[ ] by deliver a copy of this summons and a copy of the complaint to _____, a person over the age of fifteen (15) years and residing at the usual place of abode of defendant _____, located at _____(address) (used when defendant is not presently at the abode).

 [ ] by delivering a copy of this summons and a copy of the complaint to _____, an agent authorized to receive service of process of _____ (parent) (guardian) (custodian) of defendant.

[ ] by delivering a copy of this summons and a copy of the complaint to _____, (parent)(guardian) of defendant (used when defendant is a minor or an incompetent person).

[ ] by delivering a copy of this summons and a copy of the complaint to _____, (name of person) _____ (title of person authorized to receive service) (used when defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees:_____             _____
                                 Signature of Private Process Server

                                 Title (if any)

*Subscribed and sworn to before me
this_____ day of _____, 20___.   _____
                                      Judge, Notary or other officer authorized to
administer oaths

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
3/7/2020 11:07 AM
James A. Noel
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

AYANNA KEISHA BROWN,

      Plaintiff,

vs.                                        Case No.  D-202-CV-2020-01853

EQUIFAX CREDIT INFORMATION SERVICES, INC.,
a Foreign Corporation,

            Defendant.

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiff, by and through her undersigned attorney, for her Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Ayanna Keisha Brown., (hereafter "Ms. Brown") is an individual residing in Bernalillo County, New Mexico.

2. Defendant Equifax Credit Information Services, Inc., a foreign corporation (hereafter "Equifax") is a foreign corporation whose principal place of business is located at 1600 Peachtree Street, Atlanta, Georgia 30309.  Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax assembles consumer credit information and other information on consumers for the purpose of furnishing credit reports to third parties. Equifax uses means of interstate commerce for the purpose of preparing and furnishing credit reports.

3. The Court has concurrent jurisdiction over the claims in the matter pursuant to 15 U.S.C. § 1681p.  See also *Haywood v. Drown*, 556 U.S. 729 (2009) ("State courts have a concurrent jurisdiction in all cases arising under the laws of the Union, where it was not expressly prohibited.").

*Page 1 of 6 - Equifax*

4.   Venue is proper in the Second Judicial District Court of the State of New Mexico, County of Bernalillo, pursuant to NMSA 1978 §38-3-1.

## FACTS

5.   Ms. Brown had taken a series of seven separate student loans to finance her education from 2010 through 2015.   The federal loans are numbered sequentially as follows:

1)   1345180527FD00001

2)   1345180527FD00002

3)   1345180527FD00003

4)   1345180527FD00004

5)   1345180527FD00005

6)   1345180527FD00006

7)   1345180527FD00007

The collective seven student loans above are hereinafter referred to as "**the Student Loan Accounts**".

6.   Ms. Brown conducted a review of her credit report sometime in early July, 2019. Ms. Brown found that Equifax falsely reported that all seven of the Student Loan Accounts were one hundred and twenty (120) days past due, which is coded as an "I5" by Equifax and the other two credit reporting bureaus.

7.   Ms. Brown was in fact not at all past due on her student loans since December 21, 2017 when Ms. Brown consolidated the Student Loan Accounts into a separate account that is not delinquent.

8.   When Ms. Brown consolidated the Student Loan Accounts, the seven Student Loan Accounts were paid and have a zero balance.

9. Ms. Brown's Student Loan Accounts on her Equifax credit report should have displayed a zero balance, coded as an "I1" on her Equifax report.

10. Since at least early July of 2019, Ms. Brown's Equifax report does not accurately reflect the fact that Ms. Brown paid off the Student Loan Accounts due to Equifax's false reporting of a one hundred and twenty (120) day balance.

11. On July 30, 2019, Ms. Brown sent a letter to Equifax disputing the validity of the derogatory items pursuant to 15 U.S.C. § 168li.   Ms. Brown detailed all seven Student Loan Accounts, informing Equifax that they are reporting the status of the accounts inaccurately as one hundred twenty (120) days delinquent as an "I5", rather than a zero balance "I1".

12. On September 17, 2019, Equifax responded to Ms. Brown's letter by refusing to remove the inaccurate information regarding the Student Loan Accounts.

13. Ms. Brown reviewed her Experian credit report at the same time she reviewed her Equifax Report.  Ms. Brown found that her Experian credit report does not have the inaccurate information regarding the Student Loan Accounts that erroneously appear on Ms. Brown's Equifax credit report.

## COUNT I – FCRA VIOLATIONS BY EQUIFAX

14. Equifax failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning Ms. Brown.

15. Equifax:

   a.  failed to review and consider all relevant information submitted by Ms. Brown in connection with her disputes;

   b.  failed to conduct genuine and reasonable investigations in response

to Ms. Brown's disputes;

c.  persisted in reporting information that they knew or should have

known was unlawful to report; and

d.  failed to delete and/or block information that was unlawful to report

from Ms. Brown's credit report.

16. Based on the above stated failures by Equifax, Equifax failed to comply with

the requirements of FCRA, 15 U.S.C. § 1681e(b) (Compliance Procedures) by failing to

follow reasonable procedures to assure maximum possible accuracy of the information in

its credit reports.

17. Based on the above stated failures by Equifax, Equifax failed to reinvestigate

the current status of the disputed information, or delete the item within 30 days of

receiving the dispute pursuant to FCRA, 15 U.S.C. § 1681i(a)(A).

18. The actions and inactions of Equifax were willful, or, in the alternative,

negligent violations of the FCRA, 15 U.S.C. §§ 1681n, 1681o.

19. Ms. Brown has been substantially damaged by the refusal of Equifax to

properly remove the inaccurate and damaging Student Loan Accounts.

20. Ms. Brown's actual damages include:

1)  humiliation due to her damaged credit score;

2)  injury to her reputation & credit worthiness due to her damaged credit score;

3)  anguish and frustration she has suffered due to the refusal of Equifax to

remove the delinquent status on the Student Loan Accounts; and

4)  great financial hardship as follows: Ms. Brown has missed out on

opportunities to purchase several investment properties she had planned to

purchase; Ms. Brown was denied an opportunity to rent a home in a prestigious community, with her credit score being cited as the reason for the denial; Ms. Brown can no longer secure a loan without exceptionally high interest rates, resulting in Ms. Brown being unable to purchase a new home given the falsely reported delinquent status found in the Equifax report.

21. Ms. Brown is entitled to actual and punitive damages.

## COUNT II – VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT BY EQUIFAX

22. Defendant's actions concerning Ms. Brown's account occurred in the regular course of its trade or commerce and its actions are subject to the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA").

23. Defendant's actions violate the UPA, as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(15) specifically.

24. Defendant willfully engaged in these violations of the UPA.

25. Ms. Brown requests the Court enjoin Defendant under the UPA from inaccurately reporting the Student Loan Accounts.

26. Ms. Brown is also entitled to recover actual or statutory damages, trebled.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant her the following relief:

A. Declare that it is unlawful for Equifax to inaccurately and falsely report the above listed accounts regarding said Theft on Ms. Brown's credit report;

B.  Enjoin Equifax from inaccurately reporting the above listed accounts regarding the

Student Loan Accounts on Ms. Brown's credit report or to any credit reporting agency;

C.  Award actual damages against Equifax under the FRCA;

D.  Award punitive damages against Equifax under the FRCA;

E.  Award actual or statutory damages, trebled, against Equifax under the UPA;

F.  Award costs of suit and reasonable attorney fees; and

G.  Provide such further relief as the Court deems just, equitable, and proper.

Respectfully submitted:

ROBERT D. MUELLER, P.C.

**/s/ Robert D. Mueller**
Robert D. Mueller
*Attorney for Plaintiff*
P.O. Box 44997
Rio Rancho, NM  87174
Tel. (505) 247-1110
Email: mbuna4@gmail.com

*Page 6 of 6  -  Equifax*

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
3/7/2020 11:07 AM
James A. Noel
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

AYANNA KEISHA BROWN,

       Plaintiff,

vs.                                      Case No. D-202-CV-2020-01853

EQUIFAX CREDIT INFORMATION SERVICES, INC.,
a Foreign Corporation,

       Defendant.

## PLAINTIFF'S CERTIFICATION REGARDING
## ARBITRATION UNDER RULE 58

I, Robert D. Mueller, certify that:

_____ This case is subject to referral to arbitration under Local Rule 58. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorneys fees.

**XXX** This case is NOT subject to referral to arbitration under Local Rule 58 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorneys fees.

I further certify that the pleadings in this case are closed within the meaning of Guideline

1-5 of the Guidelines to Local Rule 58.

                Respectfully Submitted:       ROBERT D. MUELLER, P.C.

                                         /s/ Robert D. Mueller
                                       Robert D. Mueller
                                        *Attorney for Plaintiff*
                                        P.O. Box 44997
                                        Rio Rancho, NM 87174
                                        Tel. (505) 247-1110
                                        Email: mbuna4@gmail.com

Robert D. Mueller, P.C.
P.O. Box 44997
Rio Rancho, NM  87174



U.S. POSTAG
FCMLETTER
RIO RANCHO
87124
APR 23, 20
AMOUNT
$7.
R2304N11

1000                88240

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



7019 0700 0001 4964 6961

EquiFAX Credit Informa
c/o CORPORATION SERVICE COMPAN
Registered Agent
MC-CSC1, 726 E. Michigan Dr., Ste. 1
Hobbs, NM 88240-3465



RETURN RECEIPT
REQUESTED

88240-346799